**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Ann Thomas,<br><br>   Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>   Defendant. | No. CV 15-156-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

  The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g).

  The case has been referred to the United States Magistrate Judge pursuant to the Rules of Practice of this court.

  The Magistrate Judge recommends that the District Court, after its independent review, remand this action for further proceedings.  The Commissioner concedes the ALJ's opinion contains errors that necessitate remand.  The *Garrison* test does not indicate that remand for award of benefits is appropriate.  *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

PROCEDURAL HISTORY

  Thomas filed for disability insurance benefits on October 21, 2011. (Tr. 26)  She alleged disability beginning on March 1, 2011, due to back pain. (Tr. 223)  Her claim was denied initially (Tr. 122-125) and upon reconsideration (Tr. 126-128).  Thomas requested

review and appeared with counsel at a hearing before Administrative Law Judge (ALJ) George W. Reyes on August 23, 2013. (Tr. 43) In his decision, dated November 15, 2013, the ALJ found Thomas cannot return to her past relevant work, but she can perform sedentary work as a receptionist or data examination clerk. (Tr. 33)

Thomas appealed, but the Appeals Council denied review making the decision of the ALJ the final decision of the Commissioner. (Tr. 1-4) Thomas subsequently filed this action appealing that final decision. (Doc. 1) She argues the ALJ improperly discounted her treating physicians' opinions of disability, improperly discounted the opinion of the examining psychologist, improperly discounted her subjective testimony of disability, failed to evaluate the statements of the lay-witnesses, and failed to explain how she could perform two semi-skilled occupations without identifying her transferable skills. (Doc. 16) In her response, the Commissioner concedes that the ALJ's decision contains errors warranting reversal. (Doc. 20, p. 2) She argues, however, that the proper remedy is remand for further administrative proceeding. In her reply, Thomas argues the case should be remanded for payment of benefits. (Doc. 21)

Claimant's Work History and Medical History

Thomas worked as a building inspector for Cochise County from 2006 to March of 2011, her alleged onset date. (Tr. 224) In August of 2007, she was perched on a six-foot tall block wall attempting to take photographs of a building. (Tr. 185, 744, 784) She was startled by a dog and fell to the ground injuring her ankle and left knee. (Tr. 744) A week or two later, she developed severe low back pain, which has apparently developed into arachnoiditis, an inflamation of the membrane surrounding the spinal cord. (Tr. 836) Thomas reinjured her back in October of 2008 (leaning forward to retrieve a document) and in March of 2009 ("'jump[ing]' onto a high-wheeled chair that was on a waxed linoleum floor"). (Tr. 186-187)

Conservative treatment was unsuccessful and in October of 2009, her physician, Emil Annabi, M.D., implanted an intrathecal morphine catheter. (Tr. 836) The morphine pump reduced her pain from a 7-8/10 to 5-6/10. (Tr. 602)

1    In March of 2011, Cochise County terminated her employment because they believed
2 she was unable to continue working as a building inspector. (Tr. 394-395) Thomas insisted that
3 she could perform all the duties except for roof inspections because she could not lift the ladder.
4 (Tr. 378)  Thomas's treating physician, Annabi, stated in March of 2011 that he believed
5 Thomas was able to work. (Tr. 515) March 1, 2011 is Thomas's alleged disability onset date.
6    Thomas received unemployment benefits from April of 2011 to September of 2012. (Tr.
7 283-288) During this period, Thomas verified that she was able to work and looking for work.
8 (Tr. 289-364)
9    In November of 2011, Thomas began receiving treatment from Arnold Farr, M.D. (Tr.
10 602) In February of 2012, Farr's diagnostic impression reads as follows:  1. low back pain, 2.
11 degenerative disc disease, 3. intrathecal pump management, 4. left leg sciatica, 5. muscle
12 spasm of the lumbar spine. (Tr. 599)
13    In August of 2013, Annabi wrote a summary of his findings. (Tr. 836)  He listed his
14 diagnoses as 1. Arachnoiditis, 2. Herniated lumbar disks, 3. Lumbar radiculopathy, and 4.
15 Spinal stenosis. *Id*.  He explained that Thomas could not work as a building inspector in March
16 of 2011.  *Id*.  He stated, "I feel that she could have only done sedentary work on a part time
17 basis (20 hours per week), she would also need frequent changes of position, in other words,
18 she could not sit for long periods of time (one hour) without being able to get up and move
19 around." *Id*.
20    At the same time, Farr wrote his assessment of Thomas's ability to work. (Tr. 837) He
21 stated, "She cannot do a full time job." *Id*.  "She needs training in another vocation." *Id*.
22    The opinions of Annabi and Farr are contradicted by the opinions of the non-examining
23 state agency physicians, James Hopkins, M.D., and Melvin Roberts, M.D., who opined that
24 Thomas could perform sedentary work with some postural and environmental restrictions. (Tr.
25 99-101, 116-118)
26
27    Discussion
28

1  The Commissioner concedes that the ALJ's opinion contains errors that warrant reversal. 2 The only issue then is whether the action should be remanded for further proceedings or for 3 payment of benefits. Ordinarily, if the Commissioner is reversed, the court should remand for 4 further administrative proceedings. The court may, however, remand for payment of benefits 5 if "(1) the record has been fully developed and further administrative proceedings would serve 6 no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting 7 evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited 8 evidence were credited as true, the ALJ would be required to find the claimant disabled on 9 remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Thomas argues in her reply 10 that the *Garrison* test is satisfied because the ALJ failed to provide clear and convincing reasons 11 for discounting her subjective testimony of disability and failed to properly credit the opinions 12 of the treating physicians, Annabi and Farr. The court does not agree.

13  First, the court finds that the ALJ provided clear and convincing reasons for discounting 14 Thomas's allegation of disabling pain. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) 15 ("Unless there is affirmative evidence showing that the claimant is malingering, the 16 Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."). 17 The ALJ noted that in March of 2011, her alleged onset date, Thomas disputed her firing 18 arguing that she was able to continue working as a building inspector. (Tr. 378) Her only stated 19 qualification was that she could not perform roof inspections because she could not lift the 50- 20 pound ladder. (Tr. 234, 378, 383) Moreover, the ALJ noted that Thomas collected 21 unemployment benefits from April of 2011 to September of 2012. (Tr. 283-288) During this 22 period, Thomas verified that she was able to work and was looking for work. (Tr. 289-364) 23 These facts are inconsistent with Thomas's allegation of disabling pain starting in March of 24 2011. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (When determining a claimant's 25 credibility the ALJ may consider among other things "prior inconsistent statements concerning 26 the symptoms, and other testimony by the claimant that appears less than candid."); *Lucey v.* 27 *Astrue*, 2012 WL 3094958, 5 (D.Ariz. 2012) ("[T]he ALJ did not err in considering Plaintiff's 28 receipt of unemployment benefits when making his credibility finding.").

1  The court further finds that the ALJ provided legally sufficient reasons for discounting the opinions of the treating physicians, Annabi and Farr. Their opinions of disability were contradicted by the opinions of the non-examining state agency physicians. (Tr. 99-101, 116-118)  The ALJ may reject a treating physician's contradicted opinion only if he sets forth "specific and legitimate reasons supported by substantial evidence in the record."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996) (punctuation modified).

The ALJ noted that both doctors, Annabi and Farr, relied on the claimant's allegation of disabling pain when formulating their opinions of disability. (Tr. 31)  As the court noted above, the ALJ found the claimant's pain testimony to be less than totally reliable.  *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004). The ALJ further noted that Annabi's opinion letter was written approximately two years after he last examined her. (Tr. 32)  And at that time, he stated that he believed that she was able to work. *Id*.  It is therefore unclear why Annabi now believes Thomas is disabled.

The ALJ found Farr's opinion of disability was not supported by his treatment notes wherein he states that Thomas "is doing much better with her pain. . . ." (Tr. 32, 762)  The ALJ also suggested that Farr's opinion of disability was not supported by the MRI studies that revealed only "mild" degenerative changes.  Claimants need not, however, provide objective evidence for the level of pain that they experience provided that the medical record provides evidence for a condition that would be expected to result in some measure of pain.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  On the other hand, "an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The ALJ provided specific and legitimate reasons for discounting the opinions of the treating physicians, Annabi and Farr.

As the respondent concedes, the ALJ's decision contains errors that require reversal. The *Garrison* test, however, is not satisfied, and the action should be remanded for further administrative proceedings.  *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

RECOMMENDATION

- 5 -

1   For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, enter an order remanding the plaintiff's claim for further proceedings.

Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within 14 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response without leave of the court..

DATED this 25th day of November, 2015.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge