IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Ann Thomas,<br><br>               Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>               Defendant. | No. CV-15-00156-TUC-RCC<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R & R") prepared by Magistrate Judge Leslie A. Bowman. In the R & R, Magistrate Judge Bowman recommends that the Court remand Plaintiff Amy Thomas's disability insurance benefits claim back to the Social Security Administration for further proceedings. Doc. 22. Thomas has filed an objection to the R & R. Doc. 23. Defendant has filed a response to the objection. Doc. 24. For the foregoing reasons, the Court shall overrule the objections and accept and adopt the R & R.

**I.**  **Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Bowman's R & R (Doc. 22). This Court fully incorporates the "Procedural History" section of the R & R into this Order.

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Under a de novo review, this Court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).[1] To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

Here, Thomas "does not know whether the Magistrate Judge explicitly or implicitly recommended that the Court affirm, in part, the Administrative Law Judge's ("ALJ") decision" Doc. 23 at 3. Thus, Thomas "objects to any explicit or implicit recommendation to affirm, in part, that decision." *Id*. Specifically, Thomas argues that the ALJ's credibility finding and the ALJ's rejection of her treating physicians' opinions

---

[1] Although not material to Magistrate Judge Bowman's ultimate recommendation of remanding for further proceedings, this Court notes that the R & R mistakenly applies the clear and convincing standard. *See* Doc. 22 at 4. The Court notes that the applicable standard for this case is substantial evidence. *See Garrison*, 759 F.3d at 1009-10.

- 2 -

should not be affirmed. Lastly, Thomas argues that she actually satisfies the *Garrison* requirements for a finding of disability. *See Garrison*, 759 F.3d at 1021-22. Defendant concedes that Thomas's claim should be remanded for further evaluation of: (1) the weight that should be given lay witness opinions, "(2) [Thomas's] diagnosis of arachnoiditis at step two, (3) [Thomas's] residual functional capacity, and (4) whether [Thomas] can perform jobs that exist in significant numbers in the national economy." Doc. 24 at 2.

The Court overrules Thomas's objections. For the ALJ's credibility findings, the ALJ provided substantial evidence for discounting Thomas's pain allegations. For example, Thomas disputed her firing and argued that she was able to continue working as a building inspector with the only qualification being that she could not lift the 50-pound ladder. Tr. At 378. The ALJ also notes that Thomas claimed she periodically used a cane since 2011, but multiple treatment providers reported that she ambulated normally. Tr. 30. Thomas also collected unemployment benefits from April 2011 to September 2012. Tr. 283-288. While collecting benefits, Thomas verified that she was able to work and was looking for work. Tr. 289-364. Thomas's receipt of unemployment benefits is not consistent with a claim of disability. The Court is mindful that a claimant's receipt of unemployment benefits could be a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See, e.g.*, *Plummer v. Colvin,* 2014 WL 7150682, at *16 (D. Ariz. 2014). Thomas also later asserted that she knew she could not work while receiving unemployment benefits. Tr. 30. Because there is substantial evidence supporting the ALJ's finding that Thomas was not a credible witness, the Court affirms the ALJ's finding.

Thomas also argues that the ALJ should have given her treating physicians' opinions more than limited weight. The ALJ noted that both medical doctors, Annabi and Farr, relied on Thomas's allegations of disabling pain when formulating their disability opinions. Further, Dr. Annabi's opinion letter was written approximately two years after he last examined Thomas. At the previous examination, Dr. Annabi opined that Thomas

was able to work. Tr. 32. As for Dr. Farr's opinions, the ALJ also provided specific reasons for discounting his opinions. Specifically, the ALJ discounted Dr. Farr's opinion because he stated that Thomas cannot work on a full-time basis yet more recent MRI studies revealed only mild degenerative changes. Thus, there is substantial evidence supporting the ALJ's finding that Thomas's treating physicians' opinions should be discounted.

Lastly, Thomas reargues that Thomas satisfies the *Garrison* test and thus the Court should remand for payment of benefits. Doc. 23 at 7. As Magistrate Judge Bowman thoroughly and correctly analyzed, Thomas does not meet the requirements of the *Garrison* test.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Amy Thomas's objections are overruled. Doc. 24.

**IT IS FURTHER ORDERED** that Magistrate Judge Leslie Bowman's Report and Recommendation is **accepted and adopted**. Doc. 22.

Dated this 1st day of April, 2016.

_____
Raner C. Collins
Chief United States District Judge